UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

WILLIAM HOWARD BUTLER,

    Plaintiff,

V.

LAUREL CO. DET. CTR., *et al.*,

    Defendants.

Civil Action No. 6: 20-084-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

William Howard Butler, an inmate at the Laurel County Detention Center, seeks relief for several alleged violations of his civil rights. Because the Court previously granted Butler's motion to proceed *in forma pauperis*, the Court now conducts a preliminary review of Butler's claims. *See, e.g.*, 28 U.S.C. §§ 1915A, 1915; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). For the reasons that follow, Butler's federal claims will be DISMISSED WITH PREJUDICE; however, any state claims he intended to pursue may be litigated in a different court of appropriate jurisdiction.

**I**

William Howard Butler is a state inmate incarcerated at the Laurel County Detention Center. Proceeding without an attorney, Butler has filed a federal complaint alleging multiple violations of his civil rights. [R. 1.] Butler's complaint names the Laurel County Detention Center Jailer, Lieutenant Jailer Rocco Bowling, Deputy Dustin Boyd, and Deputy Justin Fields as defendants. [*Id.*] To broadly summarize, the complaint alleges that these defendants made verbal threats against him for filing grievances, withheld food and milk from him as punishment, failed

to timely respond to grievances, and violated a variety of Kentucky Administrative Regulations. Butler seeks $3,500,000.00 in money damages. [*Id.* at 11.]

At the same time Butler filed his complaint he moved for pauper status, and the Court has already granted that request. [R. 9.] Butler has also filed a supplemental complaint seeking to add Lieutenant Shawn Davis as a defendant for Davis's alleged violation of Butler's First Amendment rights. [R. 16.] Because the defendants have not yet been served, the Court will accept Butler's supplemental complaint as a timely amendment to the original complaint as a matter of course. *See* Fed. R. Civ. P. 15(a).

The Court now conducts a preliminary review of Butler's claims in both his complaint [R. 1] and the supplemental complaint. [R. 16.] Pursuant to 28 U.S.C. § 1915(e)(2), the Court will dismiss any portion of Butler's pleadings that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Because Butler is proceeding without an attorney, the Court evaluates his complaint under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). And, at this stage of the proceedings, the Court accepts Butler's factual allegations as true and liberally construes the legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## II

Between the initial complaint and supplemental pleading, Butler names five individuals as defendants to his civil rights complaint, and he claims each of the five defendants violated his rights in different ways. But even construing Butler's complaint with the leniency due a *pro se* litigant, all of Butler's claims against these individuals must be dismissed.

As a preliminary matter, Butler's initial and supplemental complaints both fail to specifically articulate any claims of constitutional dimension. Although Butler filed his complaint

2

on a 42 U.S.C. § 1983 complaint form, the complaint makes no reference at all to any federal constitutional rights or provisions. Instead, Butler refers only to a variety of Kentucky Administrative Regulations—provisions of state law—that he claims the defendants violated. [R. 1; R. 16.] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Butler has failed to articulate any violations of a federal constitutional right, he has failed to state a valid claim under 42 U.S.C. § 1983.

Furthermore, even if the Court very generously construed Butler's complaint to allege violations of the constitutional provisions most analogous to the referenced administrative regulations, Butler's claims would still fail. For instance, Butler claims that Lieutenant Jailer Rocco Bowling retaliated against him for filing grievances by verbally harassing him and threatening him with placement in the segregated housing unit and restricted commissary access. [R. 1 at 4.] But this kind of verbal harassment falls short of unconstitutional retaliation. *See Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). "An inmate has no right to be free from verbal abuse, and minor threats do not rise to the level of a constitutional violation." *Id.* (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999)).

Butler's allegations about adequate nutrition suffer a similar fate. Butler claims that Justin Fields withheld his food and milk on at least one but possibly multiple isolated occasions, in turn affecting his calorie intake for the relevant day(s). [R. 1 at 6.] But case law suggests that the isolated behavior described by Butler does not rise to the level of cruel and unusual punishment so as to violate the Eighth Amendment. *See, e.g., Richmond v. Settles*, 450 F. App'x 448, 456 (6th

Cir. 2011) (deprivation of seven meals over a six day period did not rise to the level of an Eighth Amendment violation); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (single deprivation of food tray did not state a cognizable Eighth Amendment claim); *Berry v. Brady*, 192 F.3d 504 (5th Cir. 1999) (an inmate's § 1983 claim for the denial of eight meals was properly dismissed for failure to state an Eighth Amendment violation).

Butler's only allegation against Deputy Dustin Boyd is that Boyd watched an interaction between Butler and Bowling—namely, an interaction that did not rise to the level of unconstitutional retaliation, as explained above. [R. 1 at 4.]  And, regarding Butler's claim that Jamie Mosley failed to appropriately respond, or act in response, to grievances:  "the 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983."  *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

Butler's supplemental complaint and attached evidence suggests Shawn Davis failed to provide Butler with a Bible in response to Butler's requests for one.  [*See* R. 16 at 2; R. 16-1 at 7.] But Butler's one sentence allegation is ultimately too conclusory to satisfy the pleading standards of Federal Rule of Civil Procedure 8 or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq,* under which Butler could potentially bring a First Amendment claim.  RLUIPA requires a plaintiff to show that his religious exercise was substantially burdened, *see, e.g., Dunlap v. Losey*, 40 F. App'x 41, 43 (6th Cir. 2002), and Butler has provided no details about when, how, why, or for how long his religious exercise was actually hindered by Davis's actions.

Finally, to the extent Butler claims that all of the defendants have verbally harassed him, singled him out, or embarrassed him in front of other inmates, these allegations also fail to state a

4

constitutional claim. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Even where a corrections officer exhibits "shameful and utterly unprofessional behavior," courts have repeatedly found that conduct like that described in Butler's complaint does not "constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004).

Accordingly, even if the Court very broadly construed Butler's complaint, the Court cannot find that Butler has adequately pleaded a viable federal constitutional claim under 42 U.S.C. § 1983. The Prison Litigation Reform Act thus calls for dismissal of the § 1983 claims. To the extent Butler intended to allege various violations of state law, this Court declines supplemental jurisdiction over those claims. The Court has no independent basis for jurisdiction over the state claims, *see* 28 U.S.C. § 1367(c)(3), and the balance of judicial economy, fairness, and comity all point toward declining supplemental jurisdiction. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.") (citations omitted). But while the Court will not pass on those claims here, Butler may still pursue his allegations regarding specific Kentucky Administrative Regulations if he so desires. He simply must do so in the relevant state circuit court.

### III

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Butler's federal claims set forth in the complaint [R. 1] and supplemental complaint [R. 16] are **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B);

2. Any remaining state claims are **DISMISSED WITHOUT PREJUDICE** to Butler's right to pursue those claims in a court of appropriate jurisdiction;

3. Any pending motions are **DENIED AS MOOT**;

4. Judgment will be entered contemporaneously herewith; and

5. This matter is **CLOSED** and **STRICKEN** from the Court's active docket.

Dated May 14, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY